UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:20-CR-36-1-CHB-HAI |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| JOSEPH PEDRIN | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On December 16, 2020, the Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d).[1]  D.E. 32.  The hearing followed a motion for a competency evaluation made by Defendant's attorney on December 11, 2020.  D.E. 30. The Court granted the motion, ordered an evaluation in a custodial setting, and Defendant was remanded to the custody of the United States Marshal.  D.E. 32.  The Court, upon the required findings, ordered the psychiatric or psychological examination pursuant to 18 U.S.C. § 4241(b).  D.E. 33.

The Court ordered the examination to be performed at the Federal Correctional Institution in Butner, North Carolina.  D.E. 36.  All parties had access to the Forensic Report ("the Report") prepared by Dr. Dawn Graney, Psy.D.  D.E. 51.  In the Report, Dr. Graney opined that Defendant is competent for trial purposes.  *Id*. at 17-19.  After receipt of the Report and Defendant's return to the District, the Court conducted a status conference on June 29, 2021, and a final hearing on competency on July 12, 2021.  D.E.

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case.  Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

57; D.E. 61. During the final competency hearing, the parties stipulated to the admissibility of the Report, Dr. Graney's qualifications, and the Report's findings. The parties also waived introduction of other proof of argument and waived the right to examine or cross-examine Dr. Graney.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreement among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[2] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505

---

[2] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

U.S. 427, 449 (1992) (indicating that argument over burden, in competency context, only matters in a "narrow class" of cases where the proof is "in equipoise").

Defendant stipulated as to both the admissibility and the substance of the Report. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Graney. The Report reflects personal observation, a review of Defendant's available medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Graney directly observed Defendant via interviews and subjected him to psychological testing. D.E. 51. Dr. Graney also contacted defense counsel. *Id.* at 3. The evaluator secured and reviewed some legal documents, including Defendant's criminal history, and two videos "documenting the January 27, 2020, calculated use of force, which underlies the defendant's current charges" provided by defense counsel.[3] *Id.*

The Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition. The Report notes Defendant's past diagnoses with (1) ADHD; (2) polysubstance dependence; (3) depressive disorder not otherwise specified; (4) posttraumatic stress disorder ("PTSD"), chronic; and (5) adult antisocial behavior. D.E. 51 at 8, 15. The Report also includes an in-depth review of Defendant's medical conditions following the January 27, 2020 use of force incident. *Id.* at 9-11. During the course of the evaluation, the Report indicates that Defendant was diagnosed with (1) pain, unspecified (related to various injuries reportedly sustained during the January 2020

---

[3] Three videos were provided by defense counsel, but one video could not be viewed by Dr. Graney "due to computer video player incompatibility issues." D.E. 51 at 3. Due to time constraints, Dr. Graney did not request a new copy, but the Report indicates that this "did not create a significant impact on the evaluation process or limit [Dr. Graney's] ability to offer an opinion regarding competency. *Id.*

use of force); (2) tinea pedis (athlete's foot); (3) PTSD; (4) other specified personality disorder (antisocial features); (5) alcohol use disorder, severe, in a controlled environment; (6) cocaine use disorder, moderate, in a controlled environment; (7) and cannabis use, moderate, in a controlled environment.  *Id.* at 13-14, 16.  The Report states that Defendant was prescribed medication for the new tinea pedis diagnosis.  *Id.* at 14. Overall, the Report includes a thorough assessment of these past and present diagnoses, as well as Defendant's medical history and personal circumstances that led to them.

As to the PTSD diagnosis, the Report indicates that psychological testing results suggest Defendant "is experiencing notable trauma-related symptoms."  D.E. 51 at 14. Moreover, Defendant's "score on the Posttraumatic Stress factor was clinically elevated" and "his scores on the Self-Disturbance and Externalization factors were in the problematic range."  *Id.* at 15.  As to the Self-Disturbance scores, these suggest an individual "may tend to rely on the perceptions of others, be more easily influenced by others, and experience depressive or dysthymic states."  *Id.*  Individuals with similar Externalization scores "are prone to problematic, self-destructive, and aggressive behaviors (toward self and/or others)."  *Id.*  The Report indicates that Defendant was previously diagnosed with PTSD stemming from witnessing his mother's death and experiencing other traumatic events.  *Id.*  Presently, the Report states that Defendant is "experiencing notable difficulty dealing with the use of force that was conducted on him at USP McCreary in January 2020."  *Id.*

As to Defendant's personality disorder, the Report indicates that Dr. Graney "did not have sufficient available information" to determine whether there is evidence of conduct disorder, which is required for a diagnosis of antisocial personality disorder.

D.E. 51 at 16. However, Defendant "has demonstrated a repeated pattern of criminal conduct, impulsivity, aggressiveness, reckless disregard for the safety of self or others, and consistent irresponsibility[,]" resulting in the other specified personality disorder diagnosis. *Id.*

As to substance abuse disorders, the Report indicates the diagnoses are based on Defendant's reported substance use history. D.E. 51 at 16. Defendant also reported periodic methamphetamine use, but the frequency of that use was unclear. *Id.* Thus, the Report does not include a diagnosis of methamphetamine use disorder but indicates that it "could be added should additional information about [Defendant's] pattern of use become available." *Id.*

The Report also indicates that, although Defendant has a reported history of ADHD, "he did not present with any clear symptoms of the disorder during the current evaluation." D.E. 51 at 16.

Despite Defendant's diagnoses, the Report indicates that he was "fully cooperative with evaluation procedures." D.E. 51 at 11. Although Defendant "often focused on recounting events surrounding the January 27, 2020, use of force incident[,]" he "did not present with significant intellectual or cognitive deficits." *Id.* at 12.

The evaluator also found that Defendant had an adequate understanding of the court proceedings and an adequate ability to assist defense counsel. D.E. 51 at 17-19. Defendant also "provided documented evidence related to past and present motions he has filed in federal courts, further demonstrating his understanding and awareness of various court-related matters." *Id.* at 18. Defendant "demonstrated a willingness and desire to assist in his own defense, and he presented as highly motivated to do so." *Id.* In

fact, Defendant "offered possible defense strategies based on his knowledge of the evidence and witness statements," which, to the evaluator, "seemed rational and reasoned, and appeared to have some substance." *Id.*

The Report indicates that Defendant expressed allegations of corruption and distrust in the criminal justice system. D.E. 51 at 18. However, the Report also states that such negative feelings are not uncommon among criminal defendants and that Defendant's allegations "did not appear to be the result of mental illness." *Id.* Rather, the Report states that Defendant's "skepticism and mistrust in the legal and court system may have some legitimacy" due to defense counsel from Defendant's original federal case being indicted on charges related to "obstructing justice and being an accessory after the fact to trafficking cocaine." *Id.*

In conclusion, the evaluator found that Defendant "is not currently suffering from a mental disease or defect which renders him unable to understand the nature and consequences of the proceedings against him, and to assist properly in his defense." *Id.* at 19. In total, the Report indicates that Defendant is competent to proceed.

Dr. Graney accurately applied the *Dusky* standard as codified in 18 U.S.C. § 4241(a) to determine that Defendant is competent. D.E. 51 at 19. Dr. Graney elicited from Defendant definitions of key terms and participants in a trial, as well as the elements and procedures related to a criminal trial. *Id.* at 17-19. As such, the Report supports a finding that both prongs of the *Dusky* competency test appear to be met in this case, and its conclusions are unrebutted.

Additionally, the Court sought the insight of counsel for Defendant, Hon. Willis Coffey. Mr. Coffey indicated that Defendant seemed to understand the contents of the Report and their interactions were consistent the evaluator's assessment and conclusions.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Any objection must be filed within **FOURTEEN DAYS** of the entry of this recommendation. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of that fourteen-day period, this matter will be submitted to Judge Boom for her consideration and to address the procedural posture.

This the 14th day of July, 2021.

Signed By:

_Hanly A. Ingram_

United States Magistrate Judge