UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. Action No. 6:20-CR-36-1-CHB-HAI |
| ) | |
| v. ) | |
| ) | **ORDER ADOPTING** |
| JOSEPH PEDRIN, ) | **RECOMMENDED DISPOSITION** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by Magistrate Judge Hanly A. Ingram [R. 62]. The Recommended Disposition addresses whether Defendant Joseph Pedrin is competent to proceed to trial pursuant to 18 U.S.C. §§ 4241 and 4247(d). Dr. Dawn Graney, Psy.D performed a competency evaluation [R. 51], and Magistrate Judge Ingram conducted a status conference and final hearing [R. 57; R. 61]. Magistrate Judge Ingram detailed the competency evaluation ("the Report"), finding that it contained a "thorough assessment" of his medical diagnoses, "as well as Defendant's medical history and personal circumstances that led to them." [R. 62, p. 4] Judge Ingram also found that Dr. Graney applied the correct legal standard to determine that Defendant is competent. *Id.* Judge Ingram noted that Defendant's counsel, Willis Coffey, "indicated that Defendant seemed to understand the contents of the Report and their interactions were consistent the evaluator's assessment and conclusions." *Id.* at 7.

Judge Ingram concluded, in accordance with the competency evaluation, that "the Court finds no evidence which tends to show that Defendant is not competent." *Id.* at 7. The United States and Defendant both stipulated to the admission of the report and its findings. *Id.* at 2.

1

Judge Ingram recommended that the undersigned find Defendant competent to face further proceedings, including trial, in this matter. *Id.* at 7.

Generally, this Court must make a *de novo* determination of those portions of the recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a magistrate judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Judge Ingram's Recommended Disposition advised the parties that any objections must be filed within 14 days. [R. 62, p. 7] The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so. *See id.*; Fed. R. Crim P. 59(b). Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Recommended Disposition. Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [**R. 62**] is **ADOPTED** as the opinion of this Court.

2. The Court **FINDS** that Defendant Joseph Pedrin is competent to face further proceedings in this matter.

This the 6th day of August, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY